318 So.2d 5 (1975)
Adellne ARDOIN et al.
v.
CENTRAL LOUISIANA ELECTRIC COMPANY, INC.
No. 55956.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
*6 Aaron Frank McGee, Guillory, McGee & Mayeux, Eunice, for plaintiffs-applicants.
William O. Bonin, Landry, Watkins, Cousin & Bonin, New Iberia, for defendant-respondent.
SUMMERS, Justice.
A contract dispute is involved here between the plaintiffs, affecting their lands located south of Louisiana State University at Eunice, and the defendant utility Central Louisiana Electric Company, Inc. The *7 controversy arises over a contract whereby the plaintiffs granted a right of way over their large tract of land to enable defendant to construct an electric transmission line to service their lands and the facilities on the LSU-E campus. At the same time plaintiffs negotiated for an extension of defendant's water service to their property consisting of approximately 1,000 acres. It is this latter contract which is in question.
By the water service contract dated October 11, 1967 a twenty-foot wide right of way was granted along the northern boundary of plaintiffs' property for an eight-inch water line, construction by defendant to be commenced within eight months and prosecuted with diligence. The agreement also granted defendant "the exclusive right to furnish water" to plaintiffs' property. It declared that the grant was a covenant running with the land and "Any water furnished by the Grantee (defendant) pursuant to this agreement shall be furnished under the standard terms and conditions and current rates then in effect with reference to the furnishing of water by Grantor to other water users in the immediate vicinity of this grant." Further, by the agreement, the defendant utility "obligates itself to provide for and furnish the water needed by users owning and/or occupying the lands" belonging to plaintiffs.
Acting pursuant to this agreement, defendant constructed the eight-inch water line to plaintiffs' property within the right of way as an extension of its nearby water main serving the city of Eunice. The entire construction involved 3,290 feet of water main at a cost of $11,613, all of which was, according to the agreement, borne by defendant.
In 1971 plaintiffs made preliminary plans for developing two small subdivisions in the southern portion of the large tract. Relying upon their agreement, they requested that defendant provide water service to the subdivision at defendant's expense by extending the water main along the road running through their property to the site of the proposed subdivision. These proposed subdivisions were situated 9,600 feet, or more, from the terminus of defendant's water main along the northern edge of plaintiffs' large tract. Costs of this construction would be approximately $60,000.
Defendant stood ready and willing to provide water service to the site, but contended that cost of the extension of the water main would have to be provided by plaintiffs in accordance with the "Standard Terms and Conditions" promulgated by the Louisiana Public Service Commission. They refer to the following provisions (paragraph 5) of the Standard Terms and Conditions as decisive of the issue:
"Where an extension of the Company's distribution main along a public street or highway is necessary to make service available to the Customer, the Company will bear the cost of such extension up to a length of 40 feet. The cost of any necessary additional main extension along a public street or highway or the entire cost of any extension on private property shall be advanced to the Company by the Customer. Such costs shall be determined by the Company and shall not be less than one dollar ($1.00) per foot of such additional main. This advance shall not bear interest but will be refunded to the customer at the rate of not less than $50 for each additional customer served directly from the extension within five (5) years from the date of installation. In no event, however, shall the amount refunded exceed the amount of the original advance."
Evidence proferred by plaintiffs and defendant establish that when the contract was confected in 1967 defendants were led to believe that portions of plaintiffs' property would be developed as residential subdivisions. If this occurred, defendant reasoned, it would soon have customers who would justify the expense of extending their water mains to plaintiffs' property.
*8 However, at the time of the request for the further extension in 1972 the development had not taken place, and only one residential user of water (one of the plaintiffs) had requested service.
When the parties could not agree, plaintiffs brought suit for specific performance or, alternatively, for cancellation of the contract. Exception of no cause of action and motion for summary judgment were filed by defendant. The exception of no cause of action was overruled and the motion for summary judgment was denied. Judgment was rendered in the trial court decreeing that the Standard Terms and Conditions had been incorporated into the agreement by reference and these controlled the issue. Accordingly, that court held that defendant was not obligated to extend the water main as requested by plaintiffs unless plaintiff paid the cost in accordance with the Standard Terms and Conditions. Plaintiffs' demands were, therefore, rejected. On appeal to the Third Circuit, the judgment was affirmed. La.App., 306 So.2d 348. Certiorari was granted on plaintiffs' application. La., 309 So.2d 677.
Although both plaintiffs and defendant contend that the agreement is clear and unambiguous, each reads it differently and they arrive at opposite conclusions from its terms. In our view the language of the agreement when considered with the Standard Terms and Conditions makes the obligations of the parties plain and unequivocal on the issue before us. Its language makes certain that extensions of water mains shall, except for the first forty feet, be made at the expense of the customer requesting the water service with provision for refunds as stipulated in the Standard Terms and Conditions.
Plaintiffs contend that unless defendant installs the water main extension at its expense there is no consideration for the agreement which gives them the exclusive right to furnish water to the property. As we read the agreement, however, there are binding obligations upon defendant which provide the necessary consideration to support the contract. Aside from the construction of the extension along the northern edge of plaintiffs' property, defendant is bound to furnish water to these properties, a substantial and onerous obligation requiring that they provide a reliable source of supply, maintain the mains, and furnish, as needed, an acceptable quality and adequate quantity of water to meet their customer's needs. What plaintiffs overlook, however, is that this obligation is dependent upon a condition, the condition being that all extensions of the water mains, required to provide that service, must be provided at the customer's cost.
Thus, for similar reasons, the argument is untenable that plaintiffs' consent is vitiated because there was error as to the principal cause of the contract. It is based upon the supposition that plaintiffs believed defendants would be required to provide the necessary extensions of the water mains to accomplish the purpose of the contract. In other words, if defendant is not obliged to extend the mains as they understood the contract required, their misunderstanding is error which vitiates their consent. Such a contention cannot stand in the face of the contract's plain and unambiguous language. Nothing about the contract or, for that matter, the facts upon which it was based, indicates that there was error which would form the basis for avoiding the contract for lack of consent. La.Civil Code art. 1823.
A claimed error, as in the instant case, cannot have the effect of voiding a contract otherwise complete as to intent and purpose. Such a result impairs the sanctity of obligations and nullifies the effect of law to which they are entitled. La.Const. art. V, ¶ 15 (1921); La.Civil Code art. 1901. For when the intent of the parties is evident and lawful, no law can operate to enlarge or restrain that intent. La.Const. art. V, ¶ 15 (1921); La. *9 Civil Code art. 1963. It follows from these principles that judges cannot refuse to apply the precise clauses of agreements legally formed even on the pretense of interpretation or equity. Aubrey et Rau, Obligations, ¶ 346, 347 (Translations by La. State Law Institute).
For the reasons assigned, the judgment of the Court of Appeal is affirmed.