DOUCET, Judge.
This action involves title to a piece of immovable property located in Avoyelles Parish. In 1981, Robert Normand, Jr. apparently acquired title to the property when it was sold for taxes at a Sheriff’s Sale on May 20, 1981 and later filed a Petition to Quiet Tax Title under 12th Judicial District Court Docket Number 84-5866. On May 27, 1986, Mr. Normand filed a boundary action under 12th Judicial District Court Docket Number 86-9044“B”. In his original Petition he named Jerrel J. McNeal as defendant. On April 7, 1987, Mr. Normand filed a Supplemental and Amending Petition which named as defendants Terrell J. McNeal and Jerrel Lee McNeal. A surveyor was appointed. No answer was filed. A preliminary default was entered on September 4, 1987. Judgment was rendered on October 9, 1987, and signed on November 3, 1987, recognizing Robert Normand as the legal owner of the property described as follows:
A certain tract or parcel of land containing 14.85 acres of land located in Sections 22 & 24 T3N R3E Ward 1 of Avo-yelles Parish Louisiana being lot 3 of the Snody Partition and being more particularly described as follows:
Commencing at point “N” on that plat of survey by Jessie P. Lachney, Registered Land Surveyor, dated July 12, 1987, a copy of which is made a part of the record in Suit # 86-9044 entitled ROBERT T. NORMAND, JR. versus JER-RELL J. MeNEAL, 12th JUDICIAL DISTRICT COURT, PARISH OF AVO-YELLES, said point being the point of beinning [sic]. From said point “N”, proceed South 88 degrees 17' East a distance of 1722.7 feet to a point, said point being point “P”. From said point proceed South 0 degrees 26’ West, a distance of 345 feet to a point, said point being point “L”. From said point “L” proceed South 88 degree 13' West a distance of 1554.4 feet to a point, said point being point “K”. From said point “K” proceed North 21 degrees 11' West, a distance of 475 feet to a point, said point being point “N” and the point of beginning.
LESS AND EXCEPT: A tract of land containing 1.00 acres and belonging to B.R. Matkins, all per plat of survey by Jessie P. Lachney, Registered Land Surveyor, dated July 12, 1987.
Jerrel McNeal was named in the body of the judgment. Terrel and Jerrel McNeal were served with a copy of the judgment. On February 25, 1988, Terrel J. McNeal filed the action currently before the court. In his “Petition for Possession, Declaratory Judgment and Damages”, Mr. McNeal named Robert T. Normand as defendant and asked to be recognized as owner of the same property of which Mr. Normand was recognized to be owner in the 1987 judgment plus lot 4 of the same tract. He further asked for damages in the form of attorneys fees. Mr. Normand filed an Exception of Res Judicata alleging that the parties, the cause of action and( the thing demanded were the same as in the earlier suit by Normand. The exception was granted. Mr. McNeal appeals.
1) THE FORM OF THE JUDGMENT
Appellant alleges that the judgment in the original case does not apply to him because his name does not appear in the caption of the case or in the body of the judgment. It *1236 is held that a judgment granting a monetary award must make it clear against whom the judgment is rendered. However, this court knows of no requirement that a judgment recognizing an individual’s ownership of a tract of land name all other possible claimants to the tract.
In the case by Mr. Normand against the McNeals, Terrel McNeal was a party to the suit. The suit was properly amended to include him as a defendant. He was properly served. He filed no answer, a default judgment was rendered recognizing Mr. Normand as owner of the disputed property. The record reflects that both McNeals were served with the judgment. Terrel McNeal was aware of the rendition of the judgment and has not been prejudiced by the failure of the judgment to name him individually. As a result this assignment of error has no merit.
RES JUDICATA
La.R.S. 13:4231 lays out the essential elements of res judicata as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
This Court in Tassin v. Sayes, 386 So.2d 995 (La.App. 3rd Cir.1980) interpreted res judicata as follows:
“Our Supreme Court recently stated the general rules of res judicata in Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978):
As a result of our civilian heritage, res judicata under Louisiana law is perceived to be much narrower in scope than its counterpart in common law jurisdictions. See 51 Tul.L.Rev. 611 (1977); Maloney, Preclusion Devices in Louisiana; Collateral Estoppel, 35 La.L.Rev. 158 (1974). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relit-igation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of [cause] and (3) an identity of the thing demanded. C.C. 2285-2287, 3556(31); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The absence of any of these identities is fatal to a plea of res judicata.’
In the present case, there is identity of parties. Plaintiffs and defendant were parties in both suits. Also, there is an identity of the thing demanded by plaintiffs. In both suits, plaintiffs sought to be recognized as owners of the land in dispute. The question is whether there is an identity of ‘cause.’ See Mitchell v. Bertolla, 340 So.2d 287 (La.1976) for a full discussion of ‘cause.’ The court states ‘cause’ is the “juridical facts on which the demand is based.’ ”
In this case as in Tassin, there is an identity of parties. Additionally, the thing demanded, that is recognition of ownership, is the same.
As was further laid out in Tassin certain exceptions exist to the requirements of res judicata one of which applies in this suit: “One of these exceptions is as follows:
‘... that parties litigant in a petitory action, whether plaintiff or defendant, must set up whatever title or defense they may have at their command or a judgment on that issue will bar a second action based on a right or claim which existed at the time of the first suit, even though omitted therefrom. Gajan v. Patout & Burquieres, 135 La. 156, 65 So. 17 [ (1914) ]; Succession of Whitner, 165 La. 769, 116 So. 180 [ (1928) ].’ ”
See also: Ward v. Pennington, 523 So.2d 1286 (La.1988).
In this case McNeal based his demand on 30 years physical possession by himself and his ancestors in title and physical possession of the property in excess of one year up to the boundaries. Mr. Normand based his claims in the earlier suit on his acquisition of the property at a tax sale and subsequent judgment in a suit to quiet tax title. Terral McNeal could have and should have pleaded his title in the earlier action. *1237 He cannot now make it the basis of a new action.
Accordingly the judgment of the trial court in sustaining the exception and dismissing plaintiff-appellant’s petition is affirmed. All costs of this appeal are taxed to the plaintiff-appellant.
AFFIRMED.