JiPER CURIAM. *
Writ granted. In this personal injury case involving a one-car collision the trial court entered into judgment on September 6, 1973 an Act of Compromise, Receipt and Release settling all claims of the injured minor passenger against the owner of the vehicle, the driver and their insurer for the sum of $10,-000.00.[1] The release contained no reservation of rights, as was required by the law in effect at that time.[2] Subsequently, the driver of the vehicle and the injured passenger, through his tutrix, filed suit against defendants herein. Almost five years after the original release, and after defendant DOTD had orally excepted based on the failure to reserve rights in the 1973 release, plaintiffs filed a Motion to Amend the original release in the tutorship ^proceeding to reserve all rights against persons not previously named. DOTD was not a party to this proceeding. The motion was granted and the amended release (and tutorship judgment) was filed in the instant tort suit. On February 22, 1996, the trial court sustained defendant’s written Exception of No Right of Action and/or Res Judicata. Plaintiffs appealed and the Third Circuit Court of Appeal affirmed the trial court in an unpublished opinion. Upon rehearing, the appellate court reversed.
The judgment of the court of appeal on rehearing is vacated and' set aside for the *436 reasons expressed by the trial court. The ruling of the trial court sustaining the exceptions filed by DOTD is reinstated:'
CALOGERO, C.J., and LEMMON and KIMBALL, JJ., dissent from the order and would deny the writ.

 Johnson, J., not on panel. Rule IV, Part 2, § 3.

. The release provided the following:
[B]y acceptance of the aforesaid sums, the said Helen G. Witt, both individually and as natural tutrix of Larry Witt, and for and on behalf of the said minor, does forever discharge the said Tommy Bonesio, Harold A. Bonesio and State Farm Mutual Automobile Insurance Company from any and all claims of every nature, intending this to be a full and complete release.

. At the time of the release Louisiana Civil Code article 2203 was in effect. It stated:
The remission or conventional discharge in favor of one of the co-debtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter. In the latter case, he cannot claim the debt without making a deduction of the part of him to whom he has made remission.
Under that article the general rule for joint tort-feasors solidarity liable for damages was that "a claimant’s unconditional release of one joint tort-feasor ... without expressly reserving his rights against the other [tortfeasor] ... operates to discharge all joint tortfeasors from further liability to plaintiff arising out of the accident.” Clay v. State Farm Mut. Auto. Ins. Co., 330 So.2d 380, 382 [(La.App. 3 Cir.1976)]. Article 2203 was repealed in 1984. Under the new law, the release of one solidaiy obligor does not release the other solidary obligors. Instead, the obligation of the other solidary obligors is reduced by the “amount of the portion” of the released obligor. See Louisiana Civil Code article 1803.