728 So.2d 851 (1999)
Tina CHABAUD
v.
Dana SYLVESTER and State Farm Mutual Automobile Insurance Company.
No. 98-C-2852.
Supreme Court of Louisiana.
February 5, 1999.
PER CURIAM.[*]
The instant case arises out of an automobile accident which occurred on October 23, 1996, between plaintiff, Tina Chabaud, and defendant, Leonard McNeil. The automobile driven by McNeil was owned by defendant Dana Sylvester and insured by State Farm Mutual Automobile Insurance Company ("State Farm"). At the heart of this case is the coincidence that State Farm happened to serve as both the liability carrier over defendant Sylvester's automobile and the uninsured or underinsured motorist ("UM") carrier for plaintiff's vehicle.
As a result of this accident, Plaintiff filed suit against the other driver, McNeil, the owner of the vehicle, Sylvester, and the insurer of the vehicle, State Farm, the State of Louisiana through the Department of Transportation and Development, and the Parish of Jefferson, Department of Traffic Engineering. Plaintiff's counsel submitted an offer to State Farm to settle the lawsuit against its insured, Dana Sylvester, and Leonard McNeil for State Farm's policy limit of $10,000.00. State Farm accepted plaintiff's offer and on July 23, 1997, plaintiff's counsel confirmed the agreement. On July 30, 1997, State Farm's counsel drafted and sent to plaintiff's counsel a Restricted Motion to Dismiss, a Restricted Receipt and Release and Indemnity Agreement ("the agreement"), and a check for $10,000.00. The agreement was executed and the Motion to Dismiss was filed in the trial court on August 20, 1997.
The agreement, in pertinent part reads:
THAT I, TINA CHABAUD, for the sole consideration of the sum of TEN THOUSAND DOLLARS AND NO/100 (10,000.00), *852 in hand paid, the receipt of which is hereby acknowledged, do hereby release and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DANA SYLVESTER and LEONARD D. McNEIL, ONLY, of and from any and all claims or demands of whatsoever kind and nature, for or because of any matter or thing done, omitted, or suffered to be done by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DANA SYLVESTER and LEONARD D. McNEIL, ONLY, prior to and including the date hereof, and particularly on account of any and all claims which I have or may have for injuries, damage, loss or expenses, regardless of the kind or nature, as a result of the accident which occurred on or about October 23, 1996, while stopped in the turn lane of U.S. Highway 90 westbound turning south on Dakin Street in the Parish of Jefferson, State of Louisiana.
* * * * * *
* * * * * *
THE FOREGOING payment is also received in full compromise and settlement of any and all claims that I have or may have against the said STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DANA SYLVESTER, and LEONARD D. McNEIL, ONLY under the policy of insurance issued to DANA SYLVESTER, whether under the liability, medical payments or any other feature of said policy as a result of the aforesaid accident.

I further reserve any and all rights against any and all other parties to this litigation.

(Emphasis added).
On September 15, 1997, plaintiff filed an amended petition naming as a defendant, State Farm as her UM carrier. On November 17, 1997, State Farm excepted on the basis of res judicata relying on the above settlement agreement. Finding that the intent to reserve rights against State Farm as plaintiffs UM carrier does not appear from the four corners of the document, the trial court granted the defendant's exception of res judicata and dismissed plaintiffs suit against State Farm.
On appeal, the fifth circuit affirmed the trial court ruling with Judge Cannella dissenting. Tina Chabaud v. Dana Sylvester and State Farm Mutual Automobile Ins. Co., 98-330 (La.App. 5 Cir. 10/14/98), 722 So.2d 1014. The appellate court interpreted the language of the agreement as an all encompassing general release, stating that the language "can be intended in no way other than as an agreement to cease all litigation against the insurer in any capacity." Id. at p. 5, 722 So.2d at 1019. Thus, the court found the release "to be a clear and unambiguous discharge of State Farm in both its liability and UM capacities." Id.
The court reasoned that the new law of res judicata, after the 1990 amendment, demonstrates the legislature's intent to "foster judicial efficiency and also to protect the defendant from multiple lawsuits." Id. at p. 3, 722 So.2d at 1017 (citing La. R.S. 13:4231, Comments 1990, (a)). The doctrine of res judicata being that the plaintiff must either assert all claims against a party, or seek a reservation of rights to bring another action against the party, or suffer preclusion, left the court to conclude that since no reservation of rights was made specifically for State Farm as UM carrier, either in the settlement agreement or the motion to dismiss, the exception of res judicata was properly granted by the trial court. Id. The appellate court therefore affirmed. Id. at p. 6, 722 So.2d at 1018.
We granted the plaintiffs application in this case because we disagree with the courts below and believe the language of the settlement agreement is ambiguous. Therefore, we find that parol evidence is admissible to determine the parties intent. Moreover, we agree with Judge Cannella's dissent in that under our decision in Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741, 748 (La.1994), an inquiry outside the four corners of the settlement agreement into the parties true intent is required in this case. We therefore reverse the judgment of the court of appeal and remand to the trial court for the taking of extrinsic evidence concerning *853 the parties intent at the time the settlement agreement was executed.
REVERSED AND REMANDED
LEMMON, J. would grant the application and docket for argument.
NOTES
[*] Calogero, C.J. not on panel. See La.S.Ct. Rule IV, Part II, § 3.