747 So.2d 1142 (1999)
TUTORSHIP OF Larry WITT.
No. 99-646.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1999.
*1144 Chris Smith, III, Cut Off, Steven Franklin Griffith, Destrehan, for Helen Witt, et al.
Jay Christopher Zainey, Metairie, John Claiborne Young, Baton Rouge, for State of Louisiana, DOTD.
BEFORE: THIBODEAUX, COOKS and WOODARD, Judges.
THIBODEAUX, Judge.
Helen Witt, as natural tutrix of Larry Witt, executed a compromise agreement with Harold Bonesio, Thomas Bonesio, State Farm Mutual Insurance Company (hereinafter "State Farm") and the United States, settling a civil suit for personal injuries arising from a 1972 automobile accident. Since the 1973 release did not contain a reservation of rights, the agreement released all solidary obligors from liability for the accident. In 1978, the release was reformed to reserve rights against parties not specifically released. The Witts and the Bonesios seek to bring a tort suit against the State of Louisiana, through the Department of Transportation and Development (hereinafter "DOTD"), for injuries sustained in the accident. The tutorship and tort suits have meandered through the Louisiana judiciary system for twenty-five years as the plaintiffs oscillated between the two suits in an effort to revive the released claims. The suits were consolidated for appeal.
Plaintiffs appeal the judgment of the trial court sustaining the DOTD's exceptions of Res Judicata and Lis Pendens based on the original release and prior judgments. For the following reasons, we affirm.

I.

ISSUES
The issues on appeal are:
(1) whether the trial court erred in holding that a 1973 compromise agreement lacking a reservation of rights discharged the settling parties' claim against all joint tortfeasors arising from the accident?
(2) whether the trial court erred in concluding that parties to a compromise agreement may not amend that agreement to include a reservation of rights in order to express their true intent and prevent the unjust enrichment of a released tortfeasor?
(3) whether the trial court erred in permitting the DOTD to assert the peremptory exception of res judicata since the DOTD was not a party to the original release?

II.

FACTS
The material facts are not in dispute. On September 10, 1972, Larry Witt, then a minor, sustained personal injuries in a one-car accident on La. Hwy. 1212 in Leesville, Louisiana while a guest passenger in a car driven by Thomas Bonesio. The car, a Subaru, was owned by Harold Bonesio and insured by State Farm.
Mrs. Helen Witt, mother of Larry Witt, was confirmed as Natural Tutrix of Larry Witt on September 6, 1973. Mrs. Witt, acting on her own behalf and on behalf of Larry Witt, entered a compromise agreement with Thomas Bonesio, his father, Harold Bonesio, State Farm and the United States of America (which had provided medical treatment to Larry Witt). The "Act of Compromise, Receipt and Release" provided that State Farm would pay the Witts $9000 and would pay the United States $1000 in exchange for the release of *1145 all claims against the Bonesios and State Farm arising from the accident. The release did not contain a reservation of rights against other parties and was homologated in the Tutorship proceeding on September 6, 1973.
Also on that date, the Witts and the Bonesios filed a tort suit against the car manufacturer, Subaru of America, and the State of Louisiana, through the Department of Highways, the predecessor to the DOTD. On February 9, 1978, the DOTD filed a Motion for the Production of the release and receipt. Based on the release, the DOTD orally raised the exception of no right of action.
In order to defeat the exception, plaintiffs filed a Motion to Amend in the tutorship proceeding to amend the release to include a clause reserving their rights against other parties. All parties to that proceeding asserted that the modification would reflect their true intentions and would not affect the rights nor diminish the protection afforded any parties to the agreement. The district court granted the motion, amending the release to include the following language: "Mrs. Helen G. Witt, natural tutrix of the minor, Larry Witt and the United States of America reserve all rights against all other parties not specifically released by this agreement." The DOTD was not a party to this proceeding.
Plaintiffs introduced the amended release in the tort suit. In October 1978, the DOTD filed peremptory exceptions of no right of action, no cause of action and res judicata in the tort case. The judge who heard the exceptions in January 1979 died before rendering judgment. The case lingered in the district court until the deceased judge's docket was reassigned. The new judge notified all parties that hearings would be heard on all outstanding matters and that he considered the Witt cases submitted on January 10, 1980. Following a hearing on the exceptions, the district court sustained the DOTD's exceptions in the tort case in January 1996, ruling that the amended release had no effect.
The plaintiffs appealed. The Third Circuit originally affirmed but reversed on rehearing. The Louisiana Supreme Court reversed in 1998, affirming the trial court judgment that since the original release did not contain a reservation of rights as required by then-existing law, the DOTD's exceptions should be sustained. See Witt v. Subaru of America, 97-2321 (La.2/20/98), 707 So.2d 435.
Following the Supreme Court's reversal in the tort case, the plaintiffs amended their petition in the tutorship proceeding, requesting the court recognize the amended release and make it applicable in the tort proceeding. The DOTD filed exceptions of res judicata and lis pendens. An evidentiary hearing was held during which the plaintiffs introduced evidence of mutual mistake in the drafting of the original release and argued that their intent had been to reserve their rights against other parties. In November 1998, the district court again maintained the DOTD's exceptions, holding that the DOTD was discharged by the original release. Plaintiffs then filed the same motion in the tort proceeding to which the DOTD responded with the same exceptions. The district court rendered the same ruling, sustaining the DOTD's exceptions. The cases were consolidated and plaintiffs brought this appeal. We are also rendering judgment in the companion case on this date. See Witt v. Subaru of America, 99-647, (La.App. 3 Cir. 11/3/99); 747 So.2d 1142.

III.

LAW AND DISCUSSION

Standard of Review
Res judicata is a peremptory exception which may be pleaded at any time in the proceeding. La.Code Civ.P. arts. 927(2) and 928. Lis pendens is a dilatory exception that must be pleaded before or in the answer. La.Code Civ.P. arts. 925(A)(3) and 928(A). When pleaded before *1146 or in the answer, the exceptions should be tried and decided before trial of the case. La.Code Civ.P. art. 929. An appellate court must review the entire record to determine whether the factual conclusions of the trial court were manifestly erroneous. See Geen v. Geen, 95-984 (La. App. 3 Cir. 12/27/95); 666 So.2d 1192, writ denied, 96-0201 (La.3/22/96); 669 So.2d 1224.

Effect of Original Release on the DOTD
Plaintiffs seek to bring a tort suit against the DOTD for alleged negligence contributing to the injuries. Plaintiffs assert that although the DOTD was discharged by the original release, that release was amended to include a reservation of rights thereby restoring their claims against the DOTD. As a result of the amendment, plaintiffs assert that the DOTD has not been discharged and could be liable for one-half of any damages judgment, since the amended release remitted the virile share owed by the Bonesios. The DOTD responds that the original release is effective and, according to its terms, the plaintiffs relinquished any claims against the DOTD for the accident and should not be permitted to use the amended release to revive these extinguished claims.
A transaction or compromise is an agreement between two or more persons who adjust their differences by mutual consent to prevent or end a lawsuit. La. Civ.Code art. 3071. Tutors of minors may enter compromise agreements on the minor's behalf upon authorization by a judge. La.Civ.Code art. 3072. Here, plaintiffs negotiated a valid compromise agreement that was approved by the district court in September 1973. That agreement provided, in part:
That, by her acceptance of the aforesaid sums, the said HELEN G. WITT, both individually and as natural tutrix of LARRY WITT, and for and on behalf of the said minor, does forever discharge the said Tommy Bonesio, Harold A. Bonesio and State Farm Mutual Automobile Insurance Company from any and all claims of every nature, intending this to be a full and complete release. That she does further acknowledge that the sum of NINE THOUSAND AND NO/ 100 ($9,000.00) DOLLARS has been paid to her by State Farm Mutual Automobile Insurance Company, not as an admission of liability, but as a compromise of disputed claims.
The issue thus becomes what, if any, effect this release had on the DOTD, an alleged solidary obligor?
At the time of the accident, when the consolidated suits were filed and when the suits were considered submitted following the district judge's death, La.Civ.Code art. 2203 (1870), the predecessor to article 1803, provided:
The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the latter case, he cannot claim the debt without making a deduction on the part of him who has made the remission.
(Emphasis added.)
Joint tortfeasors are solidarily liable for damages caused by their concurrent negligence. La.Civ.Code art. 1800; Reid v. Lowden, 192 La. 811, 189 So. 286, 287 (1939). The law under La.Civ.Code art. 2203 was well-settled that "the release of one solidary obligor, without reservation of the right to claim from another, discharged all solidary obligors from liability." Dodge v. Central Louisiana Electric Co., 257 So.2d 802, 806 (La.App. 3 Cir.), writ denied, 261 La. 481, 259 So.2d 921 (1972); Billeaudeau v. Lemoine, 386 So.2d 1359, 1362 (La.1980). The express reservation requirement was repealed by Act 331 of 1984 in the legislature's revision of the obligations law. The amended article, 1803, took effect on January 1, 1985. The Louisiana Supreme Court has held that "[n]ew article 1803 does not apply to the present cases which arose before its effective date." Carona v. State Farm Ins. Co., *1147 458 So.2d 1275, 1278 (La.1984). Since this action was originally commenced in 1973, before the express reservation requirement was repealed, we are constrained to apply the provisions of La.Civ.Code art. 2203 (1870).
La.Civ.Code art. 2203 applied to both debtors ex delicto and ex contractu. Wells v. Hartford Acc. & Indem. Co., 437 So.2d 295, 298 (La.App. 3 Cir.), writ denied, 443 So.2d 582 (La.1983); Harvey v. Travelers Ins. Co., 163 So.2d 915, 920 (La.App. 3 Cir.1964). The original release executed by the plaintiffs did not contain an express reservation of rights and, therefore, discharged all joint tortfeasors from liability for damages arising from the accident. Accordingly, plaintiffs relinquished their claims against the DOTD for damages arising from the accident on September 10, 1972.

Modification of the Release
Pursuant to La.Code Civ.P. art. 934, plaintiffs attempted to defeat the DOTD's peremptory exceptions by amending their petition to substitute the amended release for the original release. The amended release contained a reservation of rights clause. Plaintiffs present two reasons why the original release should be modified. First, plaintiffs contend that the DOTD was released as a result of mutual error and that the parties to a release always have a legal right to modify the agreement to reflect their true intent. In support of this argument, plaintiffs refer us to Smith v. Walker, 96-2813 (La.App. 1 Cir. 2/20/98), 708 So.2d 797, writ denied, 98-0757 (La.5/1/98), 718 So.2d 418, and the cases cited therein. Second, they argue that the amended release would not prejudice any parties because all parties would be "restored back" to the position they would have occupied had the mistake not occurred and the DOTD could only be held liable for one-half of any damages. They further assert that validating the original release would result in unjust enrichment and provide a "windfall" to the DOTD.
La.Code Civ.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds to the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
The plaintiffs amended their tutorship petition to include a reservation of rights clause in the release. In so doing, plaintiffs attempted to defeat the DOTD's exceptions not by curing a defect in the petition, but rather by revising the contract referenced in the petition. La.Code Civ.P. art 934 may not be manipulated to allow plaintiffs to create a new contract in order to revive an extinguished claim.
Plaintiffs first argue that they should be permitted to revise the compromise agreement to reflect their "true intent" because the mistake discharging the DOTD was due to mutual error. Plaintiffs rely on Smith for the following propositions: 1) that the court should consider the entire contract and attending circumstances in determining the parties' intent in entering a settlement agreement; 2) that the intent of the wording of the agreement is controlled by circumstances existing at the time of execution; and 3) that a party that was neither a party to the release nor paid any consideration therefor should not be permitted to benefit from the release.
The Smith case involved two suits arising from injuries sustained in a 1991 automobile accident. The first suit was a tort suit against the driver of the offending car and his insurer. The second suit was a malpractice claim against Walker, the physician who treated Smith following the accident. Smith settled the first suit and executed a release in October 1991, expressly reserving his rights against other parties. Walker claimed that he had been released from caring for Smith when the first suit was compromised. The court there found that Walker, who was neither *1148 a party to the release nor a defendant at the time the release was executed, was not released by the compromise agreement. Applying La.Civ.Code art. 3073, the court found that the language of the release did not show a clear intention to release the claims against Walker.
The Smith case is distinguishable from this case. The compromise agreement in Smith contained an express reservation of rights and the suit arose after the express reservation of rights requirement had been rejected by the legislature.
We now consider whether the amended release should be given effect. The original compromise agreement, while stating an intent to release the Bonesios and their insurer, made no mention of any claim against the DOTD. Plaintiffs allege that they did not intend to release their claims against the DOTD and should be permitted to reform the release to reflect their true intent.
Plaintiffs cite Chabaud v. Sylvester, 98-2852 (La.2/5/99), 728 So.2d 851, for the principle that the court should conduct an inquiry outside the agreement to ascertain the parties' true intent. The settlement at issue in Chabaud released State Farm, the defendant's insurer, from claims arising from the accident. However, State Farm was also plaintiff's insurer. The release contained a clause reserving the plaintiff's claims against other parties. The court there found that because of State Farm's dual capacity as insurer of both the plaintiff and the defendant, the terms of the agreement were ambiguous and it was therefore necessary to inquire outside the agreement to determine the parties' intent.
We find the Chabaud case to be inapplicable to the facts here. That suit arose after the express reservation requirement had been repealed. Additionally, the express language of the agreement there was ambiguous, unlike the language of the release at issue here.
Transactions regulate only the differences intended by the parties, unless it be the necessary consequence of what is expressed. La.Civ.Code art. 3073. Where the evidence shows that plaintiffs filed a tort action against a third party soon after entering a compromise agreement, the court may infer that plaintiffs did not intend to release their claims against third parties. Guarisco v. Pennsylvania Cas. Co., 24 So.2d 678, 679 (La.1945). However, this showing is insufficient to negate the effect of the express reservation requirement. Id. An undisclosed intent to sue is not the equivalent of an express reservation of rights and cannot defeat a defendant's exception of res judicata. Written v. Travelers Indem. Co., 304 So.2d 715 (La.App. 3 Cir.1974).
Plaintiffs argue that the release should be amended to correct a mutual error. Transactions cannot be attacked for an error in law but may be rescinded for error in the person or matter in dispute or for fraud or violence. La.Civ.Code arts. 3078 and 3079. We find it necessary to review the record to determine what type of error, if any, occurred here.
In reviewing the release at issue here, the district court found and the Louisiana Supreme Court affirmed that if there were an error, it was unilateral since State Farm got exactly what it wanted from the release. At the hearing on the exceptions, plaintiffs' counsel described the error as an "error in drafting" and stated that "the lawyers made a mistake and everybody knows it was a mistake." The district court noted that, "As far as mutual mistake, suppose there could have been mutual mistake, the error was error of law...."
We have previously held that, "It is fundamental in our law that mutual error is required to reform a contract to make it conform to the true intentions of the parties." Humble Oil & Refining Co. v. Chappuis, 239 So.2d 400, 405 (La.App. 3 Cir.), writ denied, 240 So.2d 375 (La.1970). The record here reveals that if there were any mistake, it was a unilateral mistake of law. Where the facts reveal unilateral error, the courts are not authorized to reform *1149 the contract, as the reformation would produce a new contract. Rougeau v. State Farm Mut. Auto. Ins., Co., 262 So.2d 803, 806 (La.App. 3 Cir.1972). Plaintiffs may not reform the release because one of their attorneys omitted a reservation of rights clause, which they refer to as a "magic sentence." An error of law on the part of the attorneys cannot be urged as grounds to avoid the agreement. La.Civ.Code art. 3078; United Gas Pipeline Co. v. Singleton, 241 So.2d 93 (La.App. 3 Cir.1970), writ denied, 257 La. 457, 242 So.2d 578 and 257 La. 460, 242 So.2d 579 (1971).
Plaintiffs' second ground for amending the release is also without merit. Parties cannot be "restored" to a position they never occupied. Prior to executing the release, plaintiffs had the right to bring claims arising from the accident against all tortfeasors, each of whom could have been liable for the entire debt with a right of contribution from his joint tortfeasors. La.Civ.Code art. 1795. However, in executing the original release, plaintiffs relinquished the right to bring any claims for damages arising from the accident. Plaintiffs were never in the position to seek fifty percent (50%) of their damages from the DOTD and thus cannot be restored to this position.
Plaintiffs urge the court to recognize the amended release because application of the original release would create an inequity in justice and result in "unjust enrichment" and a "windfall" to the DOTD because the DOTD did not pay any consideration for the release.
Contracts may produce effects for third parties only when the law provides. La.Civ.Code art.1985. At the time this action was commenced, the law provided that absent an express reservation of rights, all solidary obligors were released by the release of one. Apparently, the Louisiana legislature recognized the possible inequity in this provision and rejected the requirement. However, as discussed above, the prior law applies to this action. "[J]udges cannot refuse to apply the precise clauses of agreements legally formed even on the pretense of interpretation or equity." Ardoin v. Central Louisiana Elec. Co., Inc., 318 So.2d 5, 9 (La.1975), quoting Aubrey et Rau, Obligations, 346, 347 (Translations by La. Law Institute).
La.Civ.Code art. 2203 provided that a release without a reservation of rights discharged all solidary obligors. Neither payment of consideration nor executing the release were prerequisites for the discharge. Wells v. Hartford Acc. & Indem. Co., 437 So.2d 295. Therefore, we conclude that the DOTD was released by the original release which plaintiffs may not amend to avoid its legal consequences.

Res Judicata
The district court affirmed the DOTD's exception of res judicata and dismissed plaintiffs' amended petition. Plaintiffs contend that the trial court erred in sustaining the exceptions because La.Civ. Code art. 2286 restricts the right to raise the exception of res judicata to those who were parties to the previous decision.
The doctrine of res judicata is interpreted stricti juris, and any doubt regarding compliance with its requirements is to be resolved in favor of maintaining the action. Fowler v. Hodge, 95-248 (La.App. 3 Cir. 5/31/95), 660 So.2d 506, writ denied, 95-2733 (La.1/26/96); 666 So.2d 674; McNeal v. State Farm Mutual Automobile Ins. Co., 278 So.2d 108 (La. 1973). The res judicata provisions were amended in 1990. Section 5 of Acts 1990, No. 521 provides that the new res judicata statute, La. Rev.Stat. Ann. 13:4231, applies to civil actions filed on or after January 1, 1991; the preclusive effect and authority of a judgment rendered in an action filed before that date shall be determined by the prior law. McClendon v. State, Dept. of Transp. and Development, 94-0111 (La.9/6/94), 642 So.2d 157. The prior law, La.Civ.Code art. 2286 which was redesignated as La. Rev.Stat. 13:4231 by Acts *1150 1984, No. 331, § 7, effective January 1, 1985, read:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
In applying this statute, the Louisiana Supreme Court has recognized three elements necessary to preclude re-litigation of the object of a judgment: (1) an identity of the parties; (2) an identity of `cause'; and (3) an identity of the thing demanded. Ortego v. State, DOTD, 96-1322 (La.2/25/97), 689 So.2d 1358 (citations omitted). Plaintiffs assert that under Ortego the DOTD does not have standing to raise the exception of res judicata because it was not a party to the release.
In this suit, there is identity of parties because both plaintiffs and the DOTD were parties to the Witt v. Subaru of America, 97-2321 (La.2/20/98), 707 So.2d 435, in which the Louisiana Supreme Court ruled on the exact same issues being litigated here. Likewise, there is also an identity of the thing demanded by plaintiffs. Before, as here, plaintiffs sought to amend the 1973 release. There is also an identity of cause since both actions are based on the same facts. McNeal v. Normand, 552 So.2d 1234 (La.App. 3 Cir. 1989); Mitchell v. Bertolla, 340 So.2d 287 (La.1976).
It should be noted, however, that these issues were litigated only in the tort suit. Following the adverse ruling in the tort suit, plaintiffs attempted to amend the original release in the tutorship proceeding. The res judicata law which applies to these suits did not provide for issue preclusion. The amendment to La.Civ.Code art. 1061 incorporating the principle of issue preclusion in the articles governing res judicata became effective in 1991 and does not apply to actions filed before its effective date. La.Rev.Stat. § 13:4231, comment (b); Townley v. La. Dept. of Public Safety and Corrections, 97-1648 (La.App. 1 Cir. 6/29/98); 715 So.2d 150. To the extent that the exception of res judicata is based on previous judgments on the exceptions, we find that the DOTD only had standing to assert res judicata in the tort suit based on prior judgments on these issues; the DOTD lacked comparable standing in the tutorship proceeding because it had not been a party to a suit in which these issues were litigated.
We now consider whether the DOTD has standing to raise res judicata as a "party" to the release. Under the provisions of La.Civ.Code art. 2203, all joint tortfeasors are discharged by a release that does not include a reservation of rights. As an alleged joint tortfeasor, the DOTD was an affected entity under this release.
"While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties." Ortego v. State, DOTD, 96-1322, p. 6 (La.2/25/97), 689 So.2d 1358, 1363, citing Bailey v. Martin Brower Co., 94-1179 p. 3 (La.App. 1 Cir.1995); 658 So.2d 1299, 1301. A compromise agreement has the effect of a thing adjudged. La.Civ.Code art. 3078. The peremptory exception of res judicata is the proper mechanism to raise the defense that a suit is barred by a written compromise agreement. Bowden v. State Farm Mut. Auto. Ins. Co., 150 So.2d 655 (La.App. 3 Cir.1963). See generally Comment, Compromise in Louisiana, 14 Tul. L.Rev. 282 (1940). Thus, a valid compromise can form the basis of an exception of res judicata. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741; Nelams v. Allen's TV Cable, 95-444 (La.App. 3 Cir. 11/2/95), 664 So.2d 563.
Having found that exceptions of res judicata were properly sustained and that the district court properly dismissed on those *1151 grounds, we need not address the exception of lis pendens.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.