11MIRIAM G. WALTZER, Judge.
STATEMENT OF THE CASE
On application of State Farm Mutual Automobile Insurance Company (State Farm), we grant certiorari in order to consider the validity of a judgment of the trial court denying relator’s exceptions of no right of action against the plaintiff, Gail Gardner (Gail), and no right of action and no cause of action against intervenor Gertrude Gardner, Inc. (Gardner).
Gail claims she was injured in an automobile accident on 6 May 1998 when she was a passenger in a vehicle driven by Justin Zitler. She sued Zitler, his automobile liability carrier, State Farm, and her own uninsured/underinsured motorist (UM) carrier, USAA. Gail subsequently sought to recover additional damages against State Farm as the UM carrier for her employer, Gardner. State Farm had also issued a business policy to Gardner for a van used by the corporation to show real estate properties.
The trial court granted State Farm’s motion for summary judgment, dismissing Gail’s UM claim because she was not an insured under the policy.
*400 |;>,Gail then supplemented and amended her petition to add State Farm and its agent, Richard Frank, as direct defendants, claiming breach of its professional standard of care. The trial court granted State Farm’s and Frank’s motion for summary judgment, finding Gail had no right of action for an errors and omissions claim.
Several hours later, Gardner intervened demanding the same or similar relief against State Farm and Frank; however, at that time, State Farm and Frank were no longer defendants.
Several months later, Gail and Gardner filed a joint petition for reformation of the insurance policy, without leave of court. They sought to have Gail added as an insured under the policy. State Farm filed exceptions to this joint petition, which the trial court denied. We grant certiora-ri, reverse the ruling of the trial court, and grant the State Farm exceptions.
ANALYSIS: LEAVE OF COURT ISSUE
Relator contends that because Gail did not seek leave of court to file the joint petition in contravention of LSA-C.C.P. art. 1151, the petition should be dismissed. The article provides in relevant part:
A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934.... Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party....
IsGail concedes in her opposition memorandum below that the joint petition was filed without leave of court, but contends leave was unnecessary because defendants had not answered the joint petition for reformation of the policy, which had been dismissed previously without prejudice. Gail clearly meant to refer to her third and fourth supplemental and amending petitions, which were dismissed. She argues that as long as any amended petitions remain unanswered, a plaintiff is free to file additional amended petitions without leave of court.
The clear import of LSA-C.C.P. art. 1151 is that once the original petition has been answered, any further amending petition requires leave of court. Gail’s argument is predicated on the untenable notion that because a petition had not been answered prior to its having been dismissed on defendant’s exception, she was free to file an amended petition without leave of court. This argument is without merit.
ANALYSIS: EXCEPTION OF NO RIGHT OF ACTION AGAINST GAIL GARDNER
Relator contends that in Gail’s petition for reformation of the policy, she seeks the same relief sought in her previously dismissed supplemental and amending petitions. We agree.
Gail was neither a named insured nor a party to the contract. Therefore, she has no right of action for reformation of the contract. She admits in her response to the exception that she was not the owner, but was only a third party beneficiary and personally could not demand reformation. The only basis Gail asserts is her claim that if the contract were reformed, then she would be a named insured. We reject this circuitous logic. Gail’s argument confirms the fact that she has no right of action for reformation of the policy.
14ANALYSIS: EXCEPTIONS OF NO RIGHT OR CAUSE OF ACTION AGAINST GERTRUDE GARDNER, INC.
Relator contends that Gardner as an intervenor has no right to join an un *401 named party and no right of action against State Farm, who was dismissed as Gardner’s insurer on 8 September 2000. Gail concedes that State Farm was not a party at the time the joint petition was filed.
Article 1091 of the Code of Civil Procedure permits an interested third party to intervene in a pending action to enforce a right related to or connected with the object of the pending action be joining with the plaintiff in demanding the same - or similar relief against the defendant. An intervenor may not add a new party to the lawsuit by way of an intervention, and must take the proceedings as he finds them. LSA-C.C.P. art. 1094. In Stroud v. Liberty Mut. Ins. Co., 429 So.2d 492 (La.App. 3 Cir.1983), a compensation carrier intervened in plaintiffs tort action after plaintiff settled with two of the tort defendants. The court affirmed the settling defendants’ exceptions of no right of action, holding there was no pending action between those defendants and the plaintiff. Accordingly, Gardner’s intervention purporting to add a new defendant to an action that was no longer pending against that defendant is prohibited by LSA-C.C.P. art. 1091.
Gardner claims a right of action because the joint petition was not an intervention, but a new petition, and, therefore, is not depending on there being a pending action against State Farm. Initially, we must consider Gardner’s procedural posture in the litigation: is it a plaintiff or an intervenor? The intervention itself is puzzling since it seeks no relief, merely stating that Gardner has an interest in the main action and demand the same or similar relief as that | .¡claimed by Gail. We do not find that Gardner has an interest in its employee’s personal injury lawsuit, except insofar as the employer seeks to reform the insurance contract to make the employee an insured.
With respect to the joint petition, to join Gail as a plaintiff, she would be required to share a community of interest with Gardner. Se LSA-C.C.P. art. 463. To make this determination, we must ask whether the cumulated causes of action arise out of the same facts or present the same factual and legal issues. Miller v. Commercial Union Companies, 305 So.2d 560 (La.App. 2 Cir.1974); First Guar. Bank v. Carter, 563 So.2d 1240, 1242 (La.App. 1 Cir.1990). Gail and Gardner have two completely different causes of action, one in tort and the other for reformation of the insurance contract, which have entirely different operative facts and present entirely different legal questions. There is no community of interest, because Gail has no right of action to reform the policy. Accordingly, we will treat the joint petition as an intervention by Gardner.
It is clear that Gardner’s intervention fails to state a cause of action. Reformation is an equitable remedy designed to correct mutual mistakes in a contract that has been written in terms that violate the understanding of both parties. Orillion v. Allstate Ins. Co., 96-1131, p. 6 (La.App. 1 Cir. 2/14/97), 690 So.2d 846, 850. Where the facts reveal unilateral error, the courts are not authorized to reform the contract, as the reformation then would produce a new contract. In re Tutorship of Witt, 99-646, p. 10 (La.App. 3 Cir. 11/3/99), 747 So.2d 1142, 1149-1150. Our careful review of Gardner’s joint petition shows that the corporation does not allege that the State Farm policy, as written, fails to reflect accurately State Farm’s intent. The joint petition does not allege that State Farm made an error in drafting the policy that failed to capture the intent of the parties. Un fact, Gardner does not allege that at any time it requested guest passenger UM coverage. Gardner simply *402 alleges that State Farm failed to issue a proper policy of insurance.
Furthermore, in response to the exception, Gardner ignored the requirement that the mistake must be mutual to justify contract reformation. Therefore, it fails to state a cause of action for reformation.
CONCLUSION AND DECREE
For the foregoing reasons, we grant cer-tiorari and reverse the trial court’s ruling denying State Farm’s exception of no right of action as to the claims of Gail Gardner, and no right or cause of action as to the claims of Gertrude Gardner, Inc.
WRIT GRANTED; JUDGMENT REVERSED; EXCEPTIONS GRANTED.
ARMSTRONG, J., dissents.