# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2012

No. 11-30440

Lyle W. Cayce
Clerk

INSURANCE OFFICE OF AMERICA, L.L.C., on behalf of S R M Properties, L.L.C., on behalf of Scenic Homes, Incorporated, on behalf of M & R Equipment Company, Incorporated, as Assignee and/or Subrogee; MARTIN H. JONES, on behalf of S R M Properties, L.L.C., on behalf of Scenic Homes, Incorporated, on behalf of M & R Equipment Company, Incorporated, as Assignee and/or Subrogee; CHARTIS SPECIALTY INSURANCE COMPANY, formerly known as American International Specialty Lines Insurance Company,

Plaintiffs–Appellants

v.

H I INSULATION, L.L.C.; LEE HAYNES, JR., doing business as H I Insulation; HAYNES INDUSTRIES, L.L.C., doing business as H I Insulation; LEE HAYNES, SR., doing business as H I Insulation; FIRST FINANCIAL INSURANCE COMPANY,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-600

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30440

Plaintiffs appeal from the grant of summary judgment in this insurance coverage dispute. The court below interpreted an insurance contract according to its clear terms, but that interpretation lead to the absurd result that the contract provided insurance to two entities that have never existed. We therefore reverse the order granting summary judgment and remand to determine the contracting parties' intent.

## I

On April 11, 2005, smoke caused by burning foam insulation damaged a building at Rifle Point Plantation (the "Ranch"), a hunting ranch near Ferriday, Louisiana. The foam insulation had been installed sometime in 2003 by HI Insulation, which was owned and operated at the time by Lee Allen Haynes ("Haynes Sr.") and his son, Lee Allen Haynes ("Haynes Jr."). The owners of the Ranch made an insurance claim through their insurance agent, Insurance Office of America ("IOA"). For reasons not relevant to this appeal, it became apparent that the building was inadvertently not covered under the Ranch's insurance policy. The Ranch owners' claim was then paid by IOA's professional liability carrier, now known as Chartis Specialty Insurance Company ("CSIC"). IOA and CSIC (together, "Plaintiffs") obtained an assignment of the Ranch owners' rights against any negligent parties and brought this lawsuit.

Plaintiffs have filed seven complaints over the course of this litigation, which began in April 2006. Each time Plaintiffs amended their complaint, they added to or altered the named defendants as they gained an understanding of the similarly-named companies affiliated with Haynes Sr. and Haynes Jr. In their most recent complaint, Plaintiffs named as defendants Haynes Industries, L.L.C. d/b/a HI Insulation, Lee Haynes Jr. d/b/a HI Insulation, Lee Haynes Sr. d/b/a HI Insulation, and Haynes Investments, L.L.C. d/b/a HI Insulation. Plaintiffs also named First Financial Insurance Company ("FFIC"), the company they allege provided liability insurance to Lee Haynes Jr. d/b/a HI Insulation,

No. 11-30440

Lee Haynes Sr. d/b/a HI Insulation, Haynes Industries, LLC d/b/a Haynes Insulation, and Haynes Investments, L.L.C., d/b/a HI Insulation.

Two insurance policies are relevant to this appeal. One policy (the "2003–04 Policy") was in force from March 23, 2003 to March 23, 2004, which included the time period during which the foam insulation was installed. The 2003–04 Policy was issued by FFIC and named "Haynes Investments DBA: HI Insulation" as the insured. The other policy (the "2004–05 Policy") was in force from May 6, 2004 to May 6, 2005, which included the date on which the fire occurred. The 2004–05 Policy was also issued by FFIC, but named "Haynes Industries" and "Lee Allen Haynes, Jr." as insureds on the declarations page and included an endorsement dated July 20, 2004 (effective May 6, 2004) amending the insured's name to "Haynes Industries, HI Insulation Investments."

FFIC moved for summary judgment, arguing that it should be dismissed from the case because at the time of the fire in April 2005, it no longer insured any company responsible for installing the foam insulation in the Ranch building. According to FFIC, the 2004–05 Policy was not a renewal of the 2003–04 Policy, but was instead a new policy on a new company that had nothing to do with the foam insulation at the Ranch building. Plaintiffs argued in response that the inclusion of the word "Investments" following "HI Insulation" on the endorsement shows the insureds' intent to cover the same entity as the 2003–04 Policy: "Haynes Investments DBA: HI Insulation." It is undisputed that neither "Haynes Industries" nor "HI Insulation Investments" has ever existed or conducted business.

The magistrate judge ("MJ"), trying the matter by consent, ordered the parties to submit supplemental briefing on whether the insurance contract could or should be reformed. The MJ then concluded that "neither Haynes Investments, LLC nor Haynes Industries, LLC, nor any person (Lee Haynes, Sr. or Lee Haynes, Jr.) or organization (HI Insulation) affiliated with them is

No. 11-30440

afforded coverage under the [2004–05 P]olicy." *Am. Int'l Specialty Lines v. Blakemore*, 776 F. Supp. 2d 215, 220 (W.D. La. 2011). The MJ's order, therefore, accepted that Haynes Jr. procured and payed for insurance on two non-existent businesses (Haynes Industries and HI Insulation Investments). The MJ further ruled that even if the parties' intent were known, the only way to correct the error would have been to reform the contract, and under Louisiana law Plaintiffs—who are not insureds, parties to the contract, or third party beneficiaries—do not have standing to seek reformation. Accordingly, the Magistrate Judge held that FFIC was entitled to summary judgment and dismissed the claim against it. Plaintiffs appeal the MJ's grant of summary judgment, presenting essentially the same arguments made below.

## II

Federal jurisdiction is based on diversity of citizenship, so we apply the substantive law of the forum state, Louisiana. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64[, 78] (1938)). "To determine Louisiana law, we look to the final decisions of Louisiana's highest court. In the absence of a final decision by that court addressing the issue at hand, a federal court must determine, in its best judgment, how the state's highest court would resolve the issue." *Id.*

We review summary judgments de novo, applying the same standards as the district court. *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011). "Summary judgment should be affirmed if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

## III

Ordinary contract principles govern the interpretation of an insurance policy. *Smith v. Matthews*, 611 So. 2d 1377, 1379 (La. 1993). When interpreting

a policy, courts attempt to determine the parties' common intent. La. Civ. Code Ann. art. 2045; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code. Ann. art. 2046. "When a literal interpretation will produce absurd consequences, the court may consider all pertinent facts and circumstances, including the parties' own conclusion of the instrument's meaning, rather than adhere to a forced meaning of the terms used." *Halphen v. Borja*, 961 So. 2d 1201, 1205 (La. Ct. App. 2007).

"As other written agreements, insurance policies may be reformed if, through mutual error or fraud, the policy as issued does not express the agreement of the parties." *Samuels v. State Farm Mut. Auto. Ins. Co.*, 939 So. 2d 1235, 1240 (La. 2006) (internal quotation marks omitted). "In the absence of fraud, the party seeking reformation has the burden of proving a mutual error in the written policy." *Id.* (internal quotation marks omitted). Where the reformed policy would not substantially affect the risk assumed by the insurer, the party seeking reformation must prove a mutual error by a preponderance of the evidence. *Bonandona v. Guccione*, 362 So. 2d 740, 744 (La. 1978).

Although the endorsement to the 2004–05 Policy literally lists "Haynes Industries" and "HI Insulation Investments" as the insureds, the record contains no evidence that either of those entities ever existed or did business. The Louisiana Supreme Court has not considered whether interpreting an insurance policy to provide coverage for a non-existent entity is absurd; therefore, our duty under *Erie* is to determine in our best judgment how it would resolve the issue. *See Holt*, 627 F.3d at 191. In light of the interpretive principal that "[p]olicies should be construed to effect, not deny, coverage," *Yount v. Maisano*, 627 So. 2d 148, 151 (La. 1993), it is our judgment that the Louisiana Supreme Court would not enforce the literal text of the 2004–05 Policy.

No. 11-30440

Plaintiffs and FFIC present conflicting evidence on intent. Plaintiffs point to a "Contractor Supplemental Application" in the underwriting file for the 2004–05 Policy, which lists the named insured as "HI Insulation" with a website at "HI-Insulation.com," and states that the insured has six "years in the business." According to Plaintiffs, this page shows that the intent of Haynes Jr. when he filled out the insurance application was to insure HI Insulation—the same company that installed the foam insulation in the Ranch building. FFIC also points to the 2004–05 Policy's underwriting file, which includes under "Nature of Business/Description of Operations by Premises" the following typed statement: "Insulation Installation; This is the son of another Insulation company and he is going out on his own. He has 10 years experience." In addition, FFIC argues that the declarations page of the 2004–05 Policy states that this is a "new" policy as opposed to a renewal. According to FFIC, these pieces of evidence show that Haynes Jr. intended to insure a new venture of his own.

Because of this conflicting evidence, the MJ stated that it was "unclear . . . which entity(s) Lee Haynes, Jr. sought to insure," but granted summary judgment because "[e]ven if we knew the parties' intent, procedurally, the only means by which the error could be corrected is reformation and plaintiffs have no such right of action." *Am. Int'l Specialty Lines*, 776 F. Supp. 2d at 220. While it is true that only the named insured and parties to the insurance contract have standing to seek reformation, *Gardner v. State Farm Mut. Auto. Ins. Co.*, 817 So. 2d 398, 400 (La. Ct. App. 2002), Haynes Sr. d/b/a HI Insulation submitted a brief on appeal in favor of reformation, arguing that HI Insulation became a named insured upon the endorsement to the 2004–05 Policy. The dispute over the parties' intent upon entering into the 2004–05 Policy constitutes a genuine issue of material fact which precludes summary judgment, and HI Insulation has standing to pursue reformation of the

No. 11-30440

insurance contract.    We therefore remand for a hearing and factual determination of the parties' intent.

## IV

For the foregoing reasons, we reverse the district court's order granting summary judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.